UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF WISCONSIN

J.J., *et. al.*,

                Plaintiffs,

v.                                              Case No. 17-CV-47

Jon E. Litscher, *et. al.*,

                Defendants.

**PROTECTIVE ORDER**

Based upon the Stipulation for Protective Order filed on April 26, 2017, by Plaintiffs, J.J., K.D., C.M., R.N., M.S., A.V., M.R., S.K. and A.P. and Defendants, Jon E. Litscher, John D. Paquin, Wendy A. Peterson, and Brian Gustke, by and through their respective attorneys, IT IS HEREBY ORDERED that the following restrictions and procedures shall apply to certain information, documents, and excerpts from documents supplied by the parties to each other in response to discovery requests:

1. (a) Any producing party from time to time may designate as "Confidential" any portion of discovery materials which actually contain non-public, personal confidential information, including discovery materials which identify incarcerated juveniles by name~~, the disclosure of which would, in good faith judgment of the Producing Party, result in disclosure of confidential information.~~ JDP "Confidential" shall also mean ~~confidential~~ materials within the personnel files of Jon E. Litscher, John D. Paquin, Wendy A. Peterson, and Brian Gustke and other

~~personal confidential~~ materials or records that contain social security numbers, home addresses, names of minor children, full dates of birth, financial account numbers, passwords, medical records, and the like.

(b)  Social security numbers, home addresses, names of minor children other than juveniles who are or have been incarcerated at LHS or CLS, dates of birth except the year, and financial account numbers may be redacted by a producing party prior to production, in lieu of labeling such information confidential.

(c)  A document shall be designated as "Confidential" by placing the word "CONFIDENTIAL" on each page of the document; provided, however, that any document which identifies an incarcerated juvenile by name shall be treated as confidential by all parties regardless of whether or not the document has a CONFIDENTIAL designation on the document.

2.  Documents or information designated as "Confidential" shall be disclosed only to counsel of record in this action and individuals employed by or assisting counsel in litigating this action, the parties, the Court, court personnel, members of the jury, stenographic reporters engaged for depositions or other proceedings necessary for the conduct of this case, and impartial neutrals retained to mediate this action.

3.  Any such confidential documents or information shall be used only for the purpose of prosecuting this action and may not be used by any party or person for any other litigation or non-litigation related purpose.

4. (a) Any witness, lay or expert, to whom such confidential documents or information contained therein is to be disclosed shall first be advised by counsel making that disclosure that, pursuant to this Protective Order, such person or firm may not divulge any such information to any other person. If confidential materials which have not been marked as "CONFIDENTIAL" are disclosed in a setting where the producing party who designated materials as confidential is present, the burden shall fall on the producing/designating party, and not the disclosing party, to inform the witness of the Protective Order. If confidential materials have been marked as "CONFIDENTIAL", the burden shall fall on the disclosing party to inform the witness of the Protective Order.

(b) Counsel shall inform the witness of the Protective Order by securing from each such witness the attached written statement that he/she understands that, pursuant to this Protective Order, such person may not divulge any such confidential documents or information to any other person and that he/she further submits to this Court's jurisdiction for contempt or any other appropriate proceeding in the event of any alleged violation of this Protective Order. The form of such statement is attached hereto as Exhibit A. Copies of the executed statement obtained by the non-producing/designating party shall be promptly furnished to the producing/designating party at the conclusion of this action.

5. The terms and conditions of this Order shall remain binding on all parties and their counsel and persons who have executed Exhibit A after the conclusion of this action.

6. (a) To the extent that any answers to interrogatories, transcripts of depositions, responses to requests for admissions, or any other evidence filed with the Court reveal information that has been designated as confidential, the confidential information must either be redacted or must be filed under seal by the filing party pursuant to the procedures of the United States District Court for the Western District of Wisconsin for filing sealed documents.[1] The burden will always be on the producing party to label as "Confidential" any interrogatory answer, transcript, or response to a request for admission as confidential, before the burden will fall on the filing party to redact or seal. In the case of deposition testimony, counsel for any party desiring to designate any portion of the transcript or exhibits thereto confidential shall, within ten days after the transcript has been received by such counsel, designate those portions of the transcript which contains testimony concerning confidential materials as "Confidential."

(b) Any party filing evidence designated as confidential under subsection (6)(a) must either (1) file the material under seal; or (2) file an objection to the designation of the information as confidential. If such an objection is made, the person having designated the information as confidential may file a motion to seal within 21 days of the objection. Until the objection is ruled upon by the Court, the confidential material may only be filed under seal.

6. An inadvertent failure to designate documents or information as Confidential does not, standing alone, waive the right to so designate the document.

---

[1] Available at www.wiwd.uscourts.gov/sites/default/files/Admin_Order_311.pdf; http://www.wiwd.uscourts.gov/electronic-filing-procedures#VII._Documents_Filed_With_Redaction_Under_Seal_or_Ex_Parte.

4

QB\45370122.1

7. At the termination of this action and all related proceedings, all copies of confidential information shall be either returned to the party who produced it upon request or destroyed.

9. The designation of any material or document as "Confidential" is subject to challenge by any party. The following procedure shall apply to any such challenge.

(a) Meet and Confer. A party challenging the designation of Confidential must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.

(b) Judicial Intervention. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all

parties shall continue to treat the materials as Confidential under the terms of this Order.

10. Any party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

Entered  APRIL 26, 2017 .

BY THE COURT:

_____
JAMES D. PETERSON
District Judge

QB\45370122.1

# EXHIBIT A

### CERTIFICATION RE: CONFIDENTIAL DISCOVERY MATERIALS

I hereby acknowledge that I, _____ [NAME], _____ [POSITION AND EMPLOYER], am about to receive Confidential Materials supplied in connection with ***J.J. v. Litscher***, case no. 17-CV-47, pending in the United States District Court for the Western District of Wisconsin, (the "Proceeding). I certify that I understand that the Confidential Materials are provided to me subject to the terms and restrictions of the Stipulation and Protective Order filed in this Proceeding. I have been given a copy of the Stipulation and Protective Order; I have read it, and I agree to be bound by its terms.

I understand that Confidential Materials, as defined in the Stipulation and Protective Order, including any notes or other records that may be made regarding any such materials, shall not be Disclosed to anyone except as expressly permitted by the Stipulation and Protective Order. I will not copy or use, except solely for the purposes of this Proceeding, any Confidential Materials obtained pursuant to this Protective Order, except as provided therein or otherwise ordered by the Court in the Proceeding.

I further understand that I am to retain all copies of all Confidential Materials provided to me in the Proceeding in a secure manner, and that all copies of such Materials are to remain in my personal custody until termination of my participation in this Proceeding, whereupon the copies of such Materials will be returned to counsel who provided me with such Materials.

Executed this _____ day of _____, 20__.

BY: _____
Signature

_____
Title

_____
Address

_____
City, State, Zip

_____
Telephone Number

7

QB\45370122.1