# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **J.J.,** by and through his next friend, Sakeena Jackson; *et al.*, for themselves and all others similarly situated, <br><br> **Plaintiffs,** <br><br> v. <br><br> **Jon E. Litscher,** in his official capacity as Secretary of the Wisconsin Department of Corrections, *et al.*, <br><br> **Defendants.** | **Civil Action No. 17-CV-47** |

## PLAINTIFFS' UNOPPOSED MOTION TO CLOSE COURTROOM
## FOR DISPLAY OF VIDEOS TO PROTECT IDENTITIES OF JUVENILES

Plaintiffs respectfully seek an order of the court closing or otherwise limiting public access to the courtroom during the playing of video and audio recordings of incidents of pepper-spraying of youth at Copper Lake and Lincoln Hills schools (LHS/CLS) at the upcoming preliminary injunction hearing. Plaintiffs make this request in order to preserve the confidentiality of the youth involved in the incidents and protect them from the harm of a breach of that confidentiality.

Plaintiffs anticipate introducing in evidence two or three video recordings of youth subjected to pepper spray at LHS/CLS during the testimony of their expert, Vincent Schiraldi, M.S.W. The video recordings include audio in which the names of the youth can be heard. Because these video recordings, along with hundreds of others, were not produced until Friday, June 9, 2017, Plaintiffs have not had sufficient time to obscure the faces of youth on the video or delete references to youth names on the audio tracks of these recordings. Court staff informed

1

Plaintiffs' counsel that, while the video feed could be limited to the video monitors for the Court, the witness and counsel, there was no technological means by which to similarly limit the audio feed. Similarly, the "white noise" used to mask side-bar conversations from jurors would interfere with the Court's, counsel's and the witness's ability to hear the audio. Accordingly, Plaintiffs make this motion to close the courtroom for those portions of the hearing during which these videos will be shown. Plaintiffs remain open to other means to protect the identity of the youth depicted in the recordings.

While the right of public access to court proceedings is greatest in criminal trials, where the defendant's Sixth Amendment right to a public trial and the public's and press's First Amendment right to observe the courts converge, "historically both civil and criminal trials have been presumptively open." *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 n.17 (1980). However, courts may limit access to proceedings to protect important interests. Thus, the Supreme Court has noted that the protection of minors constitutes a compelling government interest that may justify narrowly-tailored restrictions on access. *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 607-08 (1982).

Statutes and court rules reflect the importance of protecting identities of minors from unwarranted disclosure. Federal Rule of Civil Procedure 5.2(a)(3) requires that the names of individuals known to be minors be redacted from public filings. Similarly, Wisconsin law protects the identities of minors adjudicated delinquent by generally forbidding disclosure of delinquency records. Wis. Stat. § 938.78. Confidentiality protects children, who are more vulnerable than adults to psychological harm, from the emotional trauma of publicity. Concern over this psychological harm animates a federal statute that permits the closure of the courtroom when a child witness testifies in court, *see* 18 U.S.C. § 3905(e), and has been recognized in

Supreme Court decisions. *See Smith v. Daily Mail Publ'g Co.*, 443 U.S. 97, 108 n.1 (1979) (Rehnquist, J., concurring) ("That publicity may have a harmful impact on the rehabilitation of a juvenile offender is not mere hypothesis. Recently, two clinical psychologists conducted an investigation . . . conclud[ing] that publicity 'placed additional stress on [the juvenile] during a difficult period of adjustment in the community . . . ."). The anonymity of juvenile delinquency records also protects youth from the life-long consequences of a public criminal record, which would undermine the state's and the juvenile's interest in effective rehabilitation and reintegration of youth offenders into society. *Id.* at 107-08 ("Publication of the names of juvenile offenders may seriously impair the rehabilitative goals of the juvenile justice system and handicap the youths' prospects for adjustment in society and acceptance by the public."); *State ex rel. Herget v. Circuit Court*, 84 Wis. 2d 435, 451, 267 N.W.2d 309 (1978) ("Confidentiality is essential to the goal of rehabilitation, which is in turn the major purpose of the separate juvenile justice system. . . . Confidentiality also reduces the stigma to the youth resulting from the misdeed, an arrest record and a juvenile court adjudication.").

Plaintiffs propose that the courtroom be cleared of members of the public only for those portions of proceedings during which the video and audio recordings depicting minors are being played. Plaintiffs will consolidate the presentations of these videos to minimize the disruption to a single closure during their case in chief. The parties have conferred about this motion, and although Defendants preserve any objection they may have to the introduction or admissibility of any videos, they do not oppose Plaintiffs' request to close the courtroom if videos depicting juveniles are shown.

Dated this 20th day of June, 2017.

ACLU OF WISCONSIN FOUNDATION
Laurence J. Dupuis (SBN 2029261)
Karyn L. Rotker (SBN 1007719)
R. Timothy Muth (SBN 1010710)
207 E. Buffalo Street, Suite 325
Milwaukee, WI 53202
Telephone: (414) 272–4032
Facsimile: (414) 272–0182
ldupuis@aclu–wi.org
krotker@aclu–wi.org
tmuth@aclu–wi.org

JUVENILE LAW CENTER
Jessica Feierman
Karen Lindell
Marsha Levick
The Philadelphia Building
1315 Walnut Street, 4th Floor
Philadelphia, PA 19107
Telephone: (215) 625–0551
jfeierman@jlc.org
klindell@jlc.org
mlevick@jlc.org

QUARLES & BRADY LLP

/s/ Rachel A. Graham

---

Matthew J. Splitek (SBN 1045592)
Rachel A. Graham (SBN 1069214)
33 East Main Street, Suite 900
Madison, WI 53703
Telephone: (608) 251–5000
matthew.splitek@quarles.com
Rachel.graham@quarles.com

Emily L. Stedman (SBN 1095313)
Zachary T Eastburn (SBN 1094676)
411 East Wisconsin Ave., Suite 2400
Milwaukee, WI 53202
Telephone: (414) 277–5000
emily.stedman@quarles.com
zachary.eastburn@quarles.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of June, 2017, I filed the foregoing Motion using the CM/ECF system, which will send electronic notification of such filing to all counsel of record who are ECF participants. I further certify that on said date, paper copies were sent to those indicated as non–registered ECF participants, via First Class, United States mail, postage prepaid.

/s/ Rachel A. Graham