IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

J.J., *by and through his next friend Sakeena Jackson*; K.D., *by and through her next friends John Levy and Meranda Davis*; C.M., *by and through his next friend Toinette Ducksworth*; R.N., *by and through his next friend Gloria Norwood*; M.S., *by and through his next friend Jolene Waupekanay*; A.V., *by and through his next friend Veronica Rocha-Montejano*; M.R., *by and through his next friend Autumn Rodgers*; S.K., *by and through her next friend Thomas Korn*; and A.P., *by and through her next friend Louise Plaskey*,

    Plaintiffs,

v.

JON E. LITSCHER, JOHN D. PAQUIN,
WENDY A. PETERSON, and BRIAN GUSTKE,

    Defendants.

ORDER

17-cv-47-jdp

---

In light of the parties' submissions, the evidence and argument presented at the hearing, and the entire record in this matter, the court concludes that plaintiffs have demonstrated their entitlement to a preliminary injunction. Accordingly, and for the reasons stated at the conclusion of the hearing, the parties are ordered to confer and to submit an agreed proposed form of injunction to the court by July 7, 2017. If the parties cannot agree on all terms of the injunction, they should set out their competing proposals in the document.

To facilitate the parties' work, the court provides the following points that illustrate likely constitutional problems with Lincoln Hills' use of restrictive housing, mechanical restraints, and incapacitating agents:

1. The court will not completely bar the use of restrictive housing for punitive purposes. But if punitive restrictive housing is to be used, sentences must be

moderated to bring them within national norms for states that use punitive isolation, which is a maximum of five to seven days.

2. Restrictive housing should not be routinely used for prehearing confinement. Prehearing confinement may involve isolation only to the extent needed to protect the safety of youth or staff.

3. Adequate time out of cell must be provided to youth in punitive restrictive housing. One hour out of cell per day is likely unconstitutional, but the court will leave it to the parties to determine an appropriate amount.

4. During out time, youth should not be unduly restricted. Social restraint (prohibiting interaction with peers) and mechanical restraints may be imposed only to the extent needed to protect the safety of youth or staff.

5. Adequate opportunity for physical exercise must be provided to those in restrictive housing. The converted cell in High Hall does not afford an adequate exercise space.

6. Placement in restrictive housing should not interrupt rehabilitative or educational programming.

7. Cell conditions in restrictive housing should be ameliorated to reduce isolation and provide adequate stimulation. Reasonable property restrictions may be appropriate, particularly as justified by safety concerns, but the current restriction to one book is excessive.

8. Mechanical restraints may not be used on youth during out time, unless staff determines that mechanical restraints are justified for safety reasons for that individual on that occasion.

9. Lincoln Hills/Copper Lake must develop a plan to reduce or eliminate the use of incapacitating agents (OC). The reasons for past excessive use of OC should be systematically evaluated, reported, and remediated. The plan should articulate alternatives to the use of OC, and provide a plan for the implementation of the alternatives. If OC is to be used, the conditions under which is it to be used must be more narrowly defined.

10. The terms of the injunction must be consistent with the legitimate interest in maintaining the safety, security, and good order of the institution.

11. The terms of the injunction, if not to be implemented immediately upon court approval, should include deadlines or schedules for implementation. The schedules for phasing in any provisions should recognize the urgency of remediating what the court has found to be acute harm to the youth at the institution.

The court will be available for teleconferences with counsel to assist them in reaching agreement on the terms of the injunction.

Entered June 23, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge