IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

J.J., *by and through his next friend Sakeena Jackson*; K.D., *by and through her next friends John Levy and Meranda Davis*; C.M., *by and through his next friend Toinette Ducksworth*; R.N., *by and through his next friend Gloria Norwood*; M.S., *by and through his next friend Jolene Waupekanay*; A.V., *by and through his next friend Veronica Rocha-Montejano*; M.R., *by and through his next friend Autumn Rodgers*; S.K., *by and through her next friend Thomas Korn*; and A.P., *by and through her next friend Louise Plaskey*,

        Plaintiffs,

   v.

JON E. LITSCHER, JOHN D. PAQUIN,
WENDY A. PETERSON, and BRIAN GUSTKE,

        Defendants.

ORDER
17-cv-47-jdp

---

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

---

For the reasons set forth in the Joint Motion for Final Approval of Class Action Settlement, **THE COURT MAKES THE FOLLOWING FINDINGS:**

1.    The form and content of the Notice to the Class and the manner by which the Notice to the Class was disseminated constituted "a reasonable manner" of providing notice and satisfied the requirements of Fed. R. Civ. P. 23(e)(1), Fed. R. Civ. P. 23(h)(1), and due process.

2.    The Court, having considered all relevant legal factors and evidence, finds the settlement embodied in the Stipulation for Consent Decree and Permanent Injunction

("Consent Decree") to be fair, reasonable, and adequate pursuant to Federal Rule of Civil Procedure 23(e)(2).

3. Defendants' conduct that is the subject of the parties' settlement agreement constitutes a violation of Federal rights pursuant to 18 U.S.C. § 3626(a)(1)(A) with regard to the rights guaranteed by the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment.

4. The prospective relief provided by the Consent Decree is narrowly drawn and extends no further than necessary to correct the violations of federal rights alleged by plaintiffs.

5. The prospective relief provided by the Consent Decree is the least intrusive means of remedying Defendants' violations of Federal rights.

6. The Court makes these findings having given substantial weight to and consideration of any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

7. The prospective relief provided by the Consent Decree complies with the requirements of 18 U.S.C. § 3626(a)(1)(A).

8. The Court approves $220.50 per hour as the currently hourly rate allowed by 42 U.S.C. § 1997e(d)(3).

9. The Court finds that the attorneys' fees and costs provided for in the Consent Decree were directly and reasonably incurred in proving an actual violation of Plaintiff's rights or directly and reasonably incurred in enforcing the relief ordered for a violation. The Court

further finds that the agreed-upon amount of attorney fees and costs is proportionately related to the court ordered relief for the violations of Federal rights.

**THESE FINDINGS HAVING BEEN MADE, IT IS HEREBY ORDERED:**

1. The Joint Motion for Final Approval of Class Action Settlement, Dkt. 100, and Joint Motion for Attoney Fees, Dkt. 101, are **GRANTED.**

2. The Consent Decree and Permanent Injunction, Dkt. 105, may be entered.

3. The Court will retain jurisdiction over this action until all claims have been dismissed.

**IT IS SO ORDERED.**


Dated: September 21, 2018       /s/ James D. Peterson
                                United States District Judge