United States District Court
Western District of Wisconsin
Robert W. Kastenmeier Courthouse
120 North Henry Street, Room 560
Madison, Wisconsin 53703

Chambers of
James D. Peterson
Chief District Judge

Telephone
608-264-5504

August 20, 2024

Governor Tony Evers
Office of the Governor
P.O. Box 7863
Madison, WI 53707

Chairman Van Wanggaard
Wisconsin Legislature
P.O. Box 7882
Madison, WI 53707

Dear Governor Evers and Senator Wanggaard:

    I have received your letters concerning the Lincoln Hills and Copper Lake Schools, which are subject to a 2018 consent decree negotiated during the administration of Governor Walker. Compliance with the consent decree continues to be overseen by this court through the reports of an independent monitor.

    When the consent decree was negotiated, the expectation of the parties and the court was that Lincoln Hills would be closed within three years and replaced with regional facilities that would be safer and more effectively serve the needs of incarcerated youths. This spring I received the monitor's 19th report as we approach the sixth anniversary of the consent decree. It is unfortunate that only a tragic incident like the death of counselor Corey Proulx brings Lincoln Hills to the attention of state officials.

    Apparently all now agree that unacceptable conditions at Lincoln Hills warranted court intervention. The true cost of Lincoln Hills—in damage inflicted on the youths housed there, in settlements paid out to the victims of constitutional violations, in risk and injury to the staff—is enormous and hasn't yet been fully paid. Six years after the consent decree was entered, the regional facilities have yet to open.

    Your letters refer to calls for changes to the consent decree, which the Governor opposes and Senator Wanggaard supports. I will take no action based on any of your letters. The way to call for change is to file a motion with the court, where all the parties will have a chance to weigh in with evidence. If the current parties aren't up to it, the legislature could ask to intervene to file such a motion, as the Governor could ask to intervene to oppose it.

    Anyone seeking a change to the consent decree should bear in mind two key points. First, the United States Constitution is not merely advisory. It sets minimum standards,

beyond which lie cruelty and barbarism. So any proposed change in the consent decree must be consistent with the Constitution. Second, I will expect any call for change to be supported by evidence that the consent decree does not protect the safety of staff and youth. As Senator Wanggaard recognizes, the consent decree allows the use of physical restraints and confinement when needed to prevent physical harm to anyone. But if some provision in the consent decree poses a risk to youths or staff, I'd like that to be put on the record in the case so I can address it properly.

    The problems at Lincoln Hills have deep roots. Finding, and funding, solutions to these problems calls for commitment and cooperation among many state actors. The court stands by to help if it can. But it appears to me that the path forward was recognized in 2018. I would encourage the legislature and the Governor to commit to that path, and renew their efforts to open the regional facilities, so that the consent decree is no longer needed at all.

Sincerely,

James D. Peterson
Chief District Judge

cc:   Docket in *T.J. v. Litscher*, No. 17-cv-47-jdp